IN THE UNITED STATES DISTRICT
COURT FOR THE SOUTHERN
DISTRICT OF TEXAS HOUSTON
DIVISION

| | |
|---|---|
| **LAKEWOOD YACHT CLUB**<br>*Plaintiff*,<br><br>v.<br><br>**M/V EVENSONG**, her engines, tackles, equipment, and appurtenances, *in rem*<br><br>and<br><br>**LESLIE WM. ADAMS AND DEBORAH H. ADAMS**, *in personam*<br><br>*Defendants*. | CIVIL ACTION NO.<br><br>4:25-cv-25-04992<br><br>**ADMIRALTY RULE 9(h)** |

## VERIFIED COMPLAINT

COMES NOW, Plaintiff LAKEWOOD YACHT CLUB ("LYC" or "the Club") files this Verified Complaint *in rem* against Defendant M/V EVENSONG ("Vessel") and *in personam* against the other Defendants captioned above, stating admiralty and maritime claims within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, and within the meaning of Rules C and B of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Rule C" and "Rule B" respectively) of the Federal Rules of Civil Procedure, and alleges as follows:

## PARTIES

1. The Plaintiff is a nonprofit corporation organized and existing under the laws of the State of Texas with its principal office at 2425 NASA Road 1, Seabrook, Texas 77586.

2. On information and belief, the Defendant, *in rem*, is the M/V EVENSONG, a thirty-seven (37) foot long Beneteau sailboat, now within this District.

3. On information and belief, the Defendants Leslie Wm. Adams and Deborah H. Adams (the Defendants *in personam*) reside within this District at 4716 Rockwood Drive, Houston, Texas 77004.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331(1) because this is an admiralty action under Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

5. This Court also has subject matter jurisdiction because this action asserts admiralty and maritime claims within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

6. Such claims are based on the Commercial Instruments and Maritime Liens Act, 46 U.S.C.§ 31301-31343 ("CIMLA"). This maritime action is to enforce a maritime lien for necessaries as defined by CIMLA. 46 U.S.C. § 31301(4).

7. This Court's jurisdiction is also founded on the presence of property of Leslie Wm. Adams and Deborah H. Adams located within the District that may be attached by process of maritime attachment and garnishment under the provisions of Rule B of the

Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) and Supplemental Rule C(2)(c), as the Vessel which is the subject of this action is currently within the District.

## COUNT ONE: ENFORCEMENT OF MARITIME LIEN

9. Plaintiff is a yacht club that provides dockage and other marine services to vessels owned by members of the Club.

10. Beginning in 1999, Leslie Wm. Adams and Deborah H. Adams, the *in personam* Defendants, became members of the Club. Membership of the Club is required in order to dock a vessel there. *See* Exhibit 1, Defendants' Membership Application.

11. Plaintiff, at the request of the owner, controller and/or operator of the Defendant, provided dockage and other necessaries to the Vessel beginning in May 2000. *See* Exhibit 2, Request for Boat Slip and Yacht Enrollment Form.

12. On July 25, 2018, the Club suspended the membership of Leslie Wm. Adams and Deborah H. Adams for failure to pay required slip fees and other charges. *See* Exhibit 3, letter from Plaintiff terminating Defendant's membership and associated email exchange.

13. The *in personam* Defendants have never returned to the Plaintiff's facility to collect the Vessel and since then, the Vessel remains lying afloat within the Lakewood Yacht Club marina.

14. Although demand has been made on the *in personam* Defendants for payment of this sum, there remains a balance of $29,845.67 due for the services provided to the Vessel, which continues to accrue. Exhibit 4 is a verified account, incorporated by

reference into this Complaint, which shows more particularly the items provided by Plaintiff to Defendants and the amount owed by Defendants to Plaintiff for each such item. Exhibit 5 is the demand letter which was mailed to Defendants on May 28, 2025. Exhibit 6 is an email exchange in which after three months of negotiating a Settlement and Performance Agreement, Defendants failed to execute the Agreement.

15. Accordingly, Plaintiff brings a claim against the M/V EVENSONG pursuant to Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims and pursuant to 46 U.S.C. Section Civil 31342, *et. seq.* Specifically, the Plaintiff has provided "necessaries" to the M/V EVENSONG, as that term is defined by the maritime law and 46 U.S.C. § 3134, *et. seq*. The Rule C claim against the M/V EVENSONG includes the delinquent total amount of $29,845.67, plus attorneys fees, interest, and costs.

## **PRAYER**

16. The statements in this Complaint are true within the Admiralty and Maritime Jurisdiction of the United States and this court.

WHEREFORE, Plaintiff prays:

A. That Plaintiff have judgment hereon in the amount of $29,845.67, representing the total principal owed, together with interest to the date of judgment, any other liquidated damages potentially available, attorney's fees, and costs;

B. That process *in rem* pursuant to Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims be issued against Defendant M/V EVENSONG, her

engines, tackle, appurtenances, *etc.*, placing the Vessel under the arrest, custody, and control of the United States Marshal of this District;

      C.    That process in due form of law in accordance with Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims and in the form of a Process of Maritime Attachment be issued and levied against all property of Leslie Wm. Adams and Deborah H. Adams within the District up to the amount of $29,845.67, representing the total principal owed, together with interest to the date of judgment, any other liquidated damages potentially available, attorney's fees, and costs;

      D.    That process in due form of law issue against of Leslie Wm. Adams and Deborah H. Adams, citing them to appear and answer under oath the matters alleged in this Verified Original Complaint, and that judgment in favor of Plaintiff be entered against of Leslie Wm. Adams and Deborah H. Adams in the amount of $29,845.67 representing the total principal owed, together with interest to the date of judgment, any other liquidated damages potentially available, attorney's fees, and costs;

      E.    That the Defendant M/V EVENSONG, her engines, tackle, apparel, furniture and equipment and all other appurtenances and additions, improvements, and replacements belonging thereto, be condemned and sold to pay the demands and claims aforesaid with interest, attorney's fees, costs, and *custodia legis* costs due Plaintiff as alleged herein; and

      F.    That Plaintiff may have such other, further and different relief as the Court deems just and proper.

**[SIGNATURE ON FOLLOWING PAGE]**

Respectfully submitted,

**SCHOUEST, BAMDAS, SOSHEA, BENMAIER & EASTHAM PLLC**

By: /s/ Hayley M. Stancil
**KELLY M. HAAS**
Texas Bar No. 24059874
SDTX ID No. 870096
Khaas@sbsb-eastham.com
**HAYLEY M. STANCIL**
Texas Bar No. 24144121
SDTX ID No. 3905848
hstancil@sbsb-eastham.com
1001 McKinney Street, Suite 1400
Houston, Texas 77002
Telephone: (713) 588-0446
Facsimile: (713) 574-2942

## CERTIFICATE OF SERVICE

I certify that on October 20, 2025, I electronically filed the foregoing document(s) and that they are available for viewing and downloading from the Court's CM/ECF system, and that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

By: /s/ Hayley M. Stancil
**HAYLEY M. STANCIL**